**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| Jay C. Terry, ) | C/A No. 4:10-002-CMC-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **OPINION & ORDER** |
| Michael J. Astrue, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Plaintiff appealed pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Thomas E. Rogers, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, *et seq.*, D.S.C.

The Report, filed on November 29, 2010, recommends that the decision of the Commissioner be affirmed. Dkt. No. 11. No objections have been filed and the time for doing so has expired. For the reasons set forth below, the court agrees that the Commissioner's decision should be affirmed but on different grounds.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject,

or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

Under the standard applied in the absence of objections, the court, after reviewing the record, applicable law, briefs of counsel, and Report, comes to the same conclusion as did the Magistrate Judge, albeit on different grounds.

**Relevant Medical Evidence.** In his pre-Report memorandum, Plaintiff argues that the ALJ should have relied more heavily on Dr. Martin's opinion in determining whether Plaintiff was disabled. The court disagrees and finds that the ALJ considered Dr. Martin's opinion appropriately. Dr. Martin was not Plaintiff's treating physician. Instead, he met with Plaintiff only once to perform a consultative psychiatric evaluation. Thus, Dr. Martin's opinion is not entitled to the same deference as a treating physician. It follows that the ALJ did not err to the extent he may have given more weight to the opinion of Plaintiff's treating physician, Dr. Kevin Krebs.[1] The court does not, however, read the ALJ opinion as rejecting Dr. Martin's opinion in favor of Dr. Krebs'. Instead, the

---

[1] The Report addresses the treating physician rule in some depth. Dkt. No. 11 at 6. It then addresses the ALJ's summary of the opinions of Drs. Martin and Krebs. *Id.* at 7-9. Based on a finding that Martin's opinion was contradicted by Krebs, the Report concludes that the ALJ properly gave precedence to Krebs' opinion. *Id.* at 9-10. For reasons stated below, the undersigned does not believe there was a conflict. Thus, the treating physician rule is not determinative.

ALJ appears to have found the two opinions consistent.[2] As the ALJ noted, Dr. Martin diagnosed Plaintiff with "anxiety disorder and major depressive disorder secondary to general medical condition" and indicated "psychosocial stressors include routine daily activities of daily living." Tr. 15-16. Dr. Martin concluded that aggressive treatment of Plaintiff's mental condition "would provide at least a fair prognosis." The ALJ also noted the consistent diagnostic opinion of Dr. Krebs, Plaintiff's treating physician, who diagnosed Plaintiff with major depression and panic disorder and noted that medication helped Plaintiff's condition. Tr. 16. Thus, both opinions support the same diagnosis and prognosis and were given appropriate weight in the ALJ's decision.

Dr. Krebs' records go somewhat further than Dr. Martin's in that Dr. Krebs offers an opinion on Plaintiff's functional limitations, stating that Plaintiff's "work related limitation was mild due to his mental condition." Tr. 16. That Dr. Martin did not opine on Plaintiff's functional limitations does not make his evaluation contradictory to Dr. Krebs' evaluation. Neither does Dr. Martin's statement that routine daily activities presented psychosocial stressors for Plaintiff conflict with Dr. Krebs' opinion that any limitations were "mild." Even if uncontradicted by other medical evidence, Dr. Martin's statement merely suggests the source of the stressors. It does not suggest that any resulting functional limitations are more than mild, especially assuming Plaintiff received proper treatment.

In short, Dr. Martin's evaluation of Plaintiff's condition is consistent with the reports of Dr.

---

[2] In his brief appealing the Commissioner's decision, the Plaintiff stated, "[t]he conclusion of the commissioner is in direct contradiction of the uncontradicted medical statement/opinion of Dr. Thomas V. Martin." The Commissioner's response and the Report focused on this argument, effectively assuming that Dr. Martin's opinion was contradicted by the other medical evidence.

Krebs and of two state agency psychologists.[3] All opined that Plaintiff had significant mental impairments. Dr. Martin concluded proper treatment of these impairments would lead to a fair prognosis. The other three concluded that with proper treatment, these impairments would not seriously impact Plaintiff's daily activities and social functioning. Tr. 350, 271 (Evaluations of Dr. Goots and Dr. King). For the reasons set forth above, the court concludes that the ALJ gave proper weight to the relevant medical evidence, and his conclusion that Plaintiff is not disabled is supported by this evidence.

**Internal Consistency of ALJ's Decision.** The ALJ's finding that Plaintiff has severe mental impairments is entirely consistent with his findings that these impairments cause only a mild restriction of daily activities and mild difficulties in social functioning. The first of these conclusions (that Plaintiff had severe mental impairments) was made at Step Two of the sequential evaluation of Plaintiff's claim. Tr. 17. This analysis is separate from the ALJ's assessment of Plaintiff's residual functional capacity which is considered as part of Steps Four and Five of the sequential evaluation. Therefore, the ALJ's conclusion that Plaintiff's severe mental impairments only create a mild limitation on his functional capacity does not suggest an internal inconsistency in the ALJ's opinion. Instead, it indicates proper application of the distinct steps in the sequential evaluation.

## CONCLUSION

For the reasons stated above, the court concludes that the ALJ's finding that Plaintiff was not disabled is supported by substantial evidence. The court, therefore, affirms the decision of the

---

[3] The ALJ's decision does not directly discuss the opinions of the two state agency psychologists.

4

Commissioner.

**IT IS SO ORDERED.**

          s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 6, 2011